Miles D. Grant, Esq. (SBN 89766)
Alexander J. Kessler, Esq. (SBN 278240)
**GRANT, KESSLER & ZUNSHINE, APC**
1331 India Street
San Diego, CA 92101
Tel: 619-233-7078
Emails: miles@gkzlaw.com; aj@gkzlaw.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| W-AP CAHUENGA OWNER VIII, L.P., a Delaware Limited Partnership<br><br>Plaintiff,<br>v.<br><br>ASTRID HEADLEY PAGE; and, LAWRENCE R. PAGE aka ASTRID PAGE,<br><br>Defendants. | CASE NO. 25-cv-02093<br><br>**FIRST AMENDED COMPLAINT FOR BREACH OF GUARANTY, ANTICIPATORY BREACH OF GUARANTY, VIOLATION OF CALIFORNIA PENAL CODE § 496(c), FRAUD, AND RECOVERY OF DAMAGES UNDER RICO (18 U.S.C. § 1961, ET SEQ.)**<br><br>**JURY TRIAL DEMANDED**<br><br>Judge: Alka Sagar<br>Room: 540 |

Plaintiff alleges:

## PRELIMINARY ALLEGATIONS

### *A. Jurisdiction and Venue*

1. Federal District Court Jurisdiction exists in this action pursuant to 28 U.S.C. § 1332(a)(1), because Plaintiff is a citizen of the State of Delaware and Defendants are each citizens of either the State of Florida or New York, thus creating diversity of citizenship. Plaintiff's damages, exclusive of interest and costs, is in excess of $75,000.

/ / /

2. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which the real property exists which is the basis for all claims in this First Amended Complaint and is also where Defendants operated a restaurant on premises owned by Plaintiff and where all events and actions occurred.

***B. The Parties***

3. Plaintiff is a limited partnership in the State of Delaware. All partners and owners of Plaintiff are also Delaware partnerships or limited liability companies.

4. If she actually exists, as explained below, Defendant ASTRID HEADLEY PAGE ("Astrid") is either a resident of the State of Florida or the State of New York.

5. Defendant LAWRENCE R. PAGE ("Lawrence") is either a resident of the State of Florida or the State of New York. Further, as explained below, Lawrence has used the name Astrid Page, in his dealings with Plaintiff.

***C. Relevant Facts***

6. Plaintiff, as Landlord, and AH Food Group Limited Liability Company ("AH Food"), as tenant, signed a Commercial Lease ("Lease"), dated January 6, 2023, a copy of which is attached as **Exhibit 1**, for AH Foods to rent from Plaintiff a 2,433 square foot commercial space at 1542 N. Cahuenga Blvd, Los Angeles, Suite 180 ("Premises") for a period of 10 years ending on December 31, 2032, with AH Foods paying monthly rent and other charges as provided for in the Lease.

7. AH Foods vacated the Premises on or about December 12, 2024. AH Foods has failed to pay rent for portions of 2024 and from August 2024 and thereafter.

/ / /

/ / /

8. From Lease commencement through November 2024, AH Food operated a "Restaurant" at the Premises called the "Pink Teacup." Lawrence was the head chef and was solely or primarily in charge of operating the Restaurant.

9. About the time of vacating the Premises, without Plaintiff's consent or knowledge, Lawrence entered the Premises, removed most of the fixtures and equipment, all owned by Plaintiff, and caused considerable damage to the Premises.

10. AH Food was a single asset entity. The Restaurant was its only asset. The Restaurant has been closed since December 2024. AH Food is out of business and has no assets.

***D. The Fraudulent Scheme***

11. AH Food was a startup business with no assets. Plaintiff advised Lawrence that it would not agree to lease the Premises unless AH Food provided a person with financial strength to guaranty the Lease. Lawrence was not financially strong and Plaintiff advised Lawrence that he did not qualify as a guarantor.

12. Lawrence provided Plaintiff with multiple bank statements and other information for Astrid, representing to Plaintiff that Astrid was his wife, Astrid was financially strong and that Astrid would sign a Guaranty of the Lease. In reviewing the bank records and other information provided by Lawrence, Plaintiff believed Astrid was a suitable guarantor and conveyed that information to Lawrence. Ultimately, Lawrence signed the Lease and Lawrence provided the "Guaranty" to Plaintiff purportedly signed by Astrid.

13. Unbeknownst to Plaintiff, and not discovered until after the initial complaint was filed: (a) Astrid is not Lawrence's wife; (b) Lawrence stole and/or misused and misrepresented the identity of Astrid; (c) Lawrence created false and phone bank records for Astrid; and (d) Lawrence forged or had forged the signature of Astrid on the Guaranty.

14. As part of his scheme, Lawrence falsely and fraudulently represented to Plaintiff the following ("Representation"): (a) Astrid was the wife of Lawrence; (b) Astrid maintained bank accounts at Wells Fargo Bank with balances over $700,000; (c) Astrid was financially strong; (d) Astrid would sign a Guaranty of the Lease; and (e) Astrid did sign a Guaranty of the Lease.

15. All of the Representations were false when made, Lawrence knew they were false and Lawrence made the Representations to induce Plaintiff into entering into the Lease.

16. To accomplish his fraudulent scheme: (a) Lawrence sent emails between States, particularly between Florida and California, to provide false bank statements and other false information about Astrid; (b) Lawrence forged the signature of Astrid on the Guaranty which he emailed across state lines; and (c) Lawrence made false and fraudulently representations, directly and indirectly, by his actions, claiming Astrid was his wife, the bank statements he provided belonged to Astrid and that Astrid had signed the Guaranty.

17. All of the actions described above involve an interstate enterprise as the fraudulent scheme was designed to either create a false person or steal the identity of a person, provide false information, including false bank statements, and forge the Guaranty, all to entice Plaintiff to enter into the Lease.

18. ***The above actions constitute wire fraud***. Lawrence used email to perpetrate the fraud by providing false and fraudulent information, including purported bank statements and a forged signature on the Guaranty.

19. ***The above facts constitute a pattern of racketeering*** because Lawrence, on multiple occasions, provided false bank statements, forged bank statements and forged Astrid's name on the Guaranty. Further, the racketeering activity involves interstate commerce because Lawrence, from Florida, used email to transmit the false and fraudulent documents to his broker and to Plaintiff, both in California.

I. Claims against Astrid

## FIRST CLAIM FOR RELIEF

## (Breach of Guaranty)

20. Plaintiff re-alleges and incorporates by this reference paragraphs 1-19 of the Preliminary Allegations.

21. Concurrent with signing the Lease, Astrid signed a "Guaranty of Lease" ("Guaranty"), also dated January 6, 2023, a copy of which is attached as **Exhibit 2.**

22. Pursuant to the Guaranty, Astrid guarantied all obligations of AH Foods under the Lease and is directly liable to Plaintiff for all obligations under the Lease.

23. Astrid has defaulted under the Guaranty by failing to pay the rent and related obligations owed under the Lease.

24. As of February 28, 2025, the total principal amount owed under the Guaranty of the Lease is $99,660 plus interest and late charges provided for in the Lease.

25. As a result of said Default and pursuant to the terms of the Guaranty, Plaintiff is entitled to recover from Astrid all sums owed under the Lease through February 28, 2025 in the principal amount of $99,660 together with interest and late charges as provided for in the Lease.

26. Pursuant to the terms of the Guaranty, Plaintiff is entitled to reasonable attorneys' fees herein incurred.

## SECOND CLAIM FOR RELIEF

## (Anticipatory Breach of Guaranty)

27. Plaintiff re-alleges and incorporates by this reference paragraphs 1-19 of the Preliminary Allegations and paragraphs 21-26 of the First Claim for Relief.

28. Astrid has failed to pay rent and other rent obligations owed under her Guaranty of the Lease through July 2025.

29. Astrid's actions, failing to pay rent under the Guaranty, constitutes an anticipatory breach of the Guaranty. As a result, Plaintiff is entitled to all damages which will become due under the Lease from March 1, 2025 until the Premises are relet.

30. Given the current commercial real estate market where the Premises is located, Plaintiff estimates it will take three or more years to find a new tenant who will commence paying rent. The amount of rent which will be owed under the Guaranty of the Lease from March 2025 through December 2027 will be $555,572. Further, Plaintiff will spend about $242,709 for tenant improvements and broker commissions to find a new tenant.

31. Plaintiff believes that by the time a new tenant takes possession and starts paying rent, including paying out of pocket expenses for tenant improvements and brokerage commissions, that additional damages under the Guaranty, from March 2025 through December 2027, will total at least $798,201, or more, in an amount subject to proof,

32. Pursuant to the Guaranty, Plaintiff is entitled to recover reasonable attorneys fees herein incurred.

II. <u>Claims against Lawrence</u>

**THIRD CLAIM FOR RELIEF**

**[Violation of Penal Code § 496(c)]**

33. Plaintiff re-alleges and incorporates by this reference paragraphs 1-19 of the Preliminary Allegations.

34. On or around December 12, 2024, without permission or consent of Plaintiff, Lawrence entered the Premises and wrongfully removed (stole) the fixtures and equipment which, under the Lease, were the property of Plaintiff.

35. The actions of Lawrence, as described herein, constitutes theft under CA Penal Code § 496(c) which provides for an aggrieved party to recover treble damages and legal fees.

36. Plaintiff believes that the value of the fixtures and equipment wrongfully taken by Lawrence, together with the damage Lawrence did to the Premises when removing such items, is in excess of $300,000, subject to proof.

37. Plaintiff seeks to recover treble of its actual damages as provided for in California Penal Code § 496(c).

38. Pursuant to California Penal Code § 496(c), Plaintiff is entitled to recover reasonable legal fees herein incurred.

**FOURTH CLAIM FOR RELIEF**

**[RICO Liability Against Lawrence]**

39. Plaintiff re-alleges and incorporates by this reference paragraphs 1-32 of this complaint.

40. Lawrence, in doing the things alleged above engaged in an enterprise affecting interstate commerce through a pattern of racketeering activity, including mail fraud and wire fraud, consisting of a series of wires and other transactions, all done for the purpose of inducing Plaintiff to enter into the Lease. Plaintiff would not have entered into the Lease if it knew the true facts. This activity has affected interstate commerce because the fraudulent scheme was designed by Lawrence while living in Florida, to perpetrate a fraud against Plaintiff, a Delaware LLC conducting business in California. Plaintiff's racketeering activity is in violation of 18 U.S.C. §§ 1961 and 1962(b), (c) and (d).

41. Pursuant to 18 U.S.C. § 1964(c), Plaintiff is entitled to treble damages, three times the amount owed for under the Lease, which, as alleged in paragraph 31, is at least $798,201 together with its legal fees herein incurred.

**FIFTH CLAIM FOR RELIEF**

**[Fraud Against Lawrence]**

42. Plaintiff re-alleges and incorporates by this reference paragraphs 1-19 of the Preliminary Allegations.

/ / /

43. The Representations by Lawrence, as set forth in paragraph 14 above, were in fact false. Plaintiff is informed and believes and so alleges that the true facts were that: (a) Astrid is not the wife of Lawrence, not now and not ever; (b) Astrid didn't agree to Guaranty the Lease; (c) the bank statements Lawrence provided for Astrid are false and fraudulent and likely forged; (d) the Guaranty Lawrence provided to Plaintiff, purportedly signed by Astrid, was not signed by Astrid but rather, Lawrence had the signature forged.

44. The Representations were false when made and Lawrence knew they were false. Further, Lawrence made the Representations with actual intent to defraud Plaintiff.

45. At the time the Representations were made, Plaintiff did not know they were false and had no reasonable way to discover they were false.

46. Plaintiff reasonably relied on the Representations in entering into the Lease and delivering possession of the Premises to the control of Lawrence.

47. Had Plaintiff known the true facts, Plaintiff would not have entered into the Lease or allowed Lawrence to use the Premises.

48. As a direct and proximate result of Lawrence' fraud and deceit, Plaintiff has suffered damages in the sum of $798,201, together with interest at the legal rate of 10% per annum from the date each Lease obligation came due.

49. As a result of the malicious, intentional and illegal actions of Lawrence, Plaintiff is entitled to recover punitive damages in a sum to be determined at the time of trial.

**WHEREFORE**, Plaintiff prays judgment against Astrid and Lawrence as follows:

**PRAYER TO FIRST CLAIM FOR RELIEF**

A. For the principal sum of $99,660 together with interest and late charges as owed under the Guaranty of the Lease;

B. For legal fees herein incurred pursuant to the terms of the Guaranty;

**PRAYER TO SECOND CLAIM FOR RELIEF**

C. For anticipated rent damages after February 2025 in excess of $798,281, as owed under the Guaranty of the Lease, subject to proof;

D. For legal fees herein incurred pursuant to the terms of the Guaranty;

**PRAYER TO THIRD CLAIM FOR RELIEF**

E. For the principal sum in excess of $300,000 for theft by Lawrence, subject to proof, and that all damages be trebled, per CA Penal Code § 496(c);

F. For reasonable attorneys' pursuant to CA Penal Code § 496(c);

**PRAYER TO FOURTH CLAIM FOR RELIEF**

G. That based on his racketeering activities, Lawrence is personally liable to Plaintiff for all damages owed under the Lease in the sum of $798,201;

H. That the total damages, the amount owed under the Lease, now and through Lease termination, be trebled;

I. For reasonable attorney fees herein incurred;

**PRAYER TO FIFTH CLAIM FOR RELIEF**

J. That based on his fraud, Lawrence is personally liable to Plaintiff for all damages owed under the Lease in the sum of $798,201;

K. That interest accrues at the California legal rate of 10% from the date each amount became due under the Lease;

L. For punitive damages in a sum subject to proof;

**PRAYER TO ALL CLAIMS FOR RELIEF**

M. For costs of suit herein incurred; and

N. For such other and further relief as this Court deems fair and proper.

GRANT, KESSLER & ZUNSHINE, APC

Dated: July 16, 2025 By: Miles D. Grant
Miles D. Grant
Attorneys for Plaintiff

I:\DOCS\23-176\A-Master\Pleadings\Complaint.-02b.wpd